IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EDWARD J. SHRUBB,           )  <br>                                             )  <br>           Plaintiff,             )  <br>      v.                               )  <br>                                             )  <br>CAROLYN W. COLVIN,[1] ACTING   )  <br>COMMISSIONER OF         )  <br>SOCIAL SECURITY,          )  <br>                                             )  <br>           Defendant.           )  <br>                                             ) | Civil Action No. 3:10-898-JRM  <br><br><br><br><br>**ORDER** |

This matter is before the undersigned[2] upon motion of Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff originally requested fees in the amount of $9,918. The Commissioner responded that the parties have agreed to a reduced award of $7,714.00.

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable ... both in law and in fact." Pierce v. Underwood, 487 U.S. 552, 565–566(1988).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

[2] Pursuant to 28 U.S.C. § 636, Local Civil Rule 83.VII.02 DSC, and the consent of the parties, the case was referred to the undersigned magistrate judge for further proceedings and entry of judgment.



After consideration of the materials filed by the parties, the Court concludes that the Government's position was not substantially justified and that an award of $7,714.00 (representing 55.1 hours of attorney's work at the hourly rate of $140.00) is reasonable. **Therefore, the Court grants an attorney's fee award to Plaintiff under the EAJA in the amount of $7,714.00. It is ordered that the Commissioner is directed to make the check payable to Plaintiff[3] and to deliver the check to Plaintiff's counsel.**

**IT IS SO ORDERED.**

Joseph R. McCrorey
United States Magistrate Judge

April 15, 2013
Columbia, South Carolina

---

[3] See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 2524 (2010).

2